UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-11669-GAO

SUYAPA ALLEN, GLENDA MEDINA, FREDDIE RAMON CHAVEZ TORUNO,
DEMETRIE DOIRON and ROSALIND CAVERO, on behalf of themselves and all others similarly situated,
Plaintiffs,

v.

DECISION ONE MORTGAGE COMPANY, LLC, HSBC FINANCE CORPORATION, HSBC
NORTH AMERICA HOLDINGS INC., HSBC MORTGAGE CORPORATION (USA), and
HSBC MORTGAGE SERVICES, INC.,
Defendants.

FINAL APPROVAL ORDER AND JUDGMENT
May 13, 2010

O'TOOLE, D.J.

The five named plaintiffs, on their own behalf and on behalf of all similarly situated consumers, have submitted a Motion for Final Approval of the Class Action Settlement ("Motion") seeking final approval of the previously filed Stipulation and Agreement of Settlement (the "Agreement"), and the exhibits attached thereto, that has been entered into by and between Plaintiffs and the HSBC Defendants. The HSBC Defendants do not oppose Plaintiffs' Motion.

By order dated December 9, 2009 [Docket No. 71], I entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order"). Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this Court having considered all papers filed and proceedings had

herein, and otherwise being fully informed of the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Final Approval Order and Judgment incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter and, for purposes of this settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent with Due Process, this Court hereby approves the Agreement and finds that the settlement consideration is fair and that said settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class Members, and the Parties are hereby directed to perform its terms.

4. This Court hereby certifies, solely for purposes of effectuating this settlement, the "Settlement Class" defined as follows:

> All African-American or Hispanic persons throughout the United States who, between January 1, 2004 and the date of the entry of the Preliminary Approval Order, obtained residential closed-end real estate secured loans from any of the following businesses: Decision One, HFC/Beneficial, HSBC Mortgage Corporation (USA) or HSBC Mortgage Services Telesales.

>> a. As to damages claims, the Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23(b)(3). Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order.

>> b. As to the Additional Consideration provided to all Settlement Class Members, the Settlement Class is certified as a mandatory, non-opt-out

settlement class pursuant to Federal Rule of Civil Procedure 23(b)(2). Settlement Class Members are deemed to release all claims for injunctive and non-monetary equitable relief and may not exclude themselves from his portion of the settlement.

Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23(b)(3) by way of the opt-out procedures set forth in the Preliminary Approval Order (identified in Exhibit A hereto) (the "Opt-Outs").

5. For purposes of this settlement only, this Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; (e) HSBC Defendants have acted or refused to on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Settlement Class as a whole and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6. This Court finds that the notice provided to Settlement Class Members was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, Due Process, and any other applicable laws.

7. This Court has reviewed and considered all objections to the settlement that have been received.

    a. In particular, I have reviewed correspondence submitted to the Court that reflects a possible intention to object to the Settlement including correspondence of Jerome and Judy Rowe, Jacqualine and David Ross, David Garrett (filed at [Docket No. 75]), Mary and Willie Barber, Maurice Hutt and Arnold Emmitt Quarles III.

    b. I find that to the extent this correspondence was intended to object to the Settlement, such objections are unsupported and without merit and are overruled in their entirety.

8. None of the objections presents a substantial reason for rejecting the settlement.

9. This Court hereby dismisses with prejudice on the merits and without costs (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the settlement).

10. Plaintiffs and each Settlement Class Member (except Opt-Outs who nonetheless are deemed to release all claims for injunctive and non-monetary equitable relief), their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, are deemed to have fully, finally and forever released all discrimination-based or discrimination-related claims, causes of action, or liabilities, whether arising under local, state, or federal law,

whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, as alleged or as could have been alleged based upon the facts asserted in the Consolidated Amended Complaint as to the defendants therein and the Released Parties, identified in Section 2.37 of the Agreement, except for claims against non-HSBC servicers based upon their post-origination activity. Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the settlement, and the releases contained therein, becomes effective.

11.   As of the date of entry of the Preliminary Approval Order, Plaintiffs and Settlement Class Members are deemed to have waived Section 1542 of the California Civil Code and any similar, comparable, or similar provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that they release fully, finally and forever all

Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.

12.     This Court approves an award to be paid from the Settlement Fund to Class Counsel of $1,800,000 in attorneys' fees and costs (plus interest actually accrued thereon from the date of the Settlement Fund's creation, less a proportionate share of any fees charged by the escrow holder for maintenance of the Settlement Fund), and service awards of $5,000 for each Plaintiff (plus interest actually accrued thereon from the date of the Settlement Fund's creation, less a proportionate share of any fees charged by the escrow holder for maintenance of the Settlement Fund). The service awards shall be in addition to any claims Plaintiffs may have to share in the Fund. This Court, having presided over the above-captioned action and having considered the materials submitted by Class Counsel in support of final approval of the settlement as well as their request for attorneys' fees and costs, finds the award appropriate based on the following factors:

    a.  The settlement provides substantial benefits for the class.

    b.  The requested award of attorneys' fees and expenses is within the range of reasonable fees for similar class action settlements.

    c.  The requested fee is consistent with the total lodestar fees and costs of Class Counsel, based on declarations submitted to the Court.

    d.  This litigation raised numerous questions of law and fact, Plaintiffs' Counsel was opposed by highly skilled defense counsel, the litigation was intensely contested through the completion of the Settlement Agreement, and there was substantial risk that Plaintiffs would not prevail on some or all of their claims.

    e.    The Settlement was negotiated at arms' length and without collusion, with the assistance of a highly qualified mediator.

    f.    By receiving payment from a common fund, Class Counsel's interests were fully aligned, during the settlement negotiation process, with those of members of the Settlement Class, such that Class Counsel had appropriate incentives to maximize the size of the common fund.

13. This Final Approval Order and Judgment, the Preliminary Approval Order, the Agreement, and any act performed or document executed pursuant to or in furtherance thereof:

    a.    Will not be offered or received against the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by the Released Parties as to the truth or relevance of any fact alleged by Plaintiffs, the existence of any class alleged by Plaintiffs, the propriety of class certification had the Allen, Toruno, and Doiron Actions been litigated rather than settled, or the validity of any claim that has been or could have been asserted in the Consolidated Amended Complaint or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Consolidated Amended Complaint or in any other litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

    b.    Will not be offered as or received against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any admission or concession of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the

Case 1:07-cv-11669-GAO   Document 87   Filed 05/13/10   Page 8 of 9

     Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Agreement, except that the Released Parties may refer to it to effectuate the liability protection granted them thereunder;

  c. Will not be deemed an admission by HSBC North America Holdings Inc. or HSBC Finance Corporation that they are subject to the jurisdiction of any Massachusetts or California court;

  d. Will not be construed against the HSBC Defendants as an admission or concession that the consideration to be given under the Agreement represents the amount which could be or would have been recovered after trial.

14. All claims received by the Settlement Administrator through the date of this order are allowed and may be paid.

15. The Released Parties may file the Agreement and/or this Final Approval Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, set-off or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to non-released claims of Opt-Outs.

8

17. Without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains continuing jurisdiction to implement the Agreement and to construe, enforce and administer the Agreement and this settlement. Class Counsel are to continue in their role to oversee all aspects of the Agreement and settlement. Upon notice to Class Counsel, HSBC Defendants may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order and Judgment.

18. If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order and Judgment, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge